# EXHIBIT 4

Case 1:25-cv-01524-VMC   Document 2   Filed 03/21/25   Page 2 of 14

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-05174-S7**
**12/30/2022 8:16 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAMIEN DEON BOSTICK, Individually, as Surviving Spouse of VICKY ELAINE BOSTICK, and DAMIEN DEON BOSTICK as Administrator of the Estate of VICKY ELAINE BOSTICK, <br><br>    Plaintiff, <br><br>  v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC. TOYOTA MOTOR MANUFACTURING CANADA, INC., TOYOTA BOSHOKU AMERICA, INC., TOYOTA BOSHOKU CANADA, INC., ASBURY AUTOMOTIVE GROUP, INC. D/B/A NALLEY AUTOMOTIVE GROUP, and PACCAR, INC. D/B/A KENWORTH TRUCK COMPANY, <br><br>    Defendants. | Civil Action File No: 22-C-05174-S3 |

**ANSWER AND DEFENSES OF**
**ASBURY AUTOMOTIVE GROUP, INC.**

COMES NOW Asbury Automotive Group, Inc. ("Asbury"), defendant in the above-styled action, and files this its Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"). For such, Asbury respectfully shows the Court as follows:

**DEFENSES TO THE COMPLAINT AS A WHOLE**

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

1

**SECOND DEFENSE**

Asbury reserves all defenses available under O.C.G.A. §§ 9-10-31.1 and 51-12-33.

**THIRD DEFENSE**

Asbury denies that it is indebted or liable to Plaintiff in any manner or amount whatsoever.

**ANSWERING THE INDIVIDUALLY NUMBERED
PARAGRAPHS IN PLAINTIFF'S COMPLAINT**

**PARTIES, JURISDICTION, AND VENUE**

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Parties, Jurisdiction and Venue" as follows:

1. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint.

2. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiff's Complaint.

3. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's Complaint.

4. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Complaint.

5. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Plaintiff's Complaint.

6. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiff's Complaint.

7. Asbury admits that it is authorized to do business in the State of Georgia and that it may be served with process within the State of Georgia through its duly appointed and registered agent, Corporate Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia

30092.  Asbury does not sell, distribute, service or repair automobiles in the ordinary course of business, and it did not sell, distribute, service, repair, market or advertise the subject 2010 Lexus RX 350.  Asbury denies that Asbury committed any tortious acts or omissions that would subject it to the jurisdiction and venue of this Court, and denies all remaining allegations in paragraph 7 of Plaintiff's Complaint, including, but not limited to, Plaintiff's allegation that "Nalley Automotive Group" is a proper d/b/a for Asbury.

8. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Complaint.

### The Toyota Product

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "The Toyota Product" as follows:

9. Upon information and belief, Asbury admits that the subject vehicle is a 2010 Lexus RX 350 (VIN 2T2ZK1BA5AC039814).

### The Kenworth Product

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "The Kenworth Product" as follows:

10. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

### The Crash

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "The Crash" as follows:

11. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Asbury denies the allegations in paragraph 14 of Plaintiff's Complaint to the extent they relate to Asbury. Asbury is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT I – LIABILITY OF TOYOTA DEFENDANTS

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count I – Liability of Toyota Defendants" as follows:

15. Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-14 of Plaintiff's Complaint, set forth above.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Complaint.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Complaint.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response

is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Complaint.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Complaint.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's Complaint.

**COUNT II – NEGLIGENCE OF DEFENDANT NALLEY AUTOMOTIVE GROUP**

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count II – Negligence of Defendant Nalley Automotive Group" as follows:

21. Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-20 of Plaintiff's Complaint, set forth above.

22. Asbury denies the allegations in paragraph 22 of Plaintiff's Complaint

23. Asbury denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Asbury denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Asbury denies the allegations in paragraph 25 of Plaintiff's Complaint. Asbury further denies that it is liable to Plaintiff in any manner or amount whatsoever, denies that it is in any way responsible for the subject accident or for Plaintiff's injuries, denies that it is responsible for Plaintiff's alleged damages in any way, and denies that it is indebted to Plaintiff in any manner or amount whatsoever.

## COUNT III – STRICT LIABILITY OF
## DEFENDANT KENWORTH TRUCK COMPANY

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count III – Strict Liability of Defendant Kenworth Truck Company" as follows:

26. Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-25 of Plaintiff's Complaint, set forth above.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Complaint.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Complaint.

29. The allegations contained in paragraph 29 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiff's Complaint.

## COUNT IV – NEGLIGENCE OF DEFENDANT KENWORTH TRUCK COMPANY

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count IV – Negligence of Defendant Kenworth Truck Company" as follows:

30. Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-29 of Plaintiff's Complaint, set forth above.

31. The allegations contained in paragraph 31 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Complaint.

32. The allegations contained in paragraph 32 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Complaint.

**COUNT V – INJURIES AND DAMAGES**

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count V – Injuries and Damages" as follows:

33. Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-32 of Plaintiff's Complaint, set forth above.

34. The allegations contained in paragraph 34 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. The allegations contained in paragraph 35 of Plaintiff's Complaint constitute legal conclusions and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Asbury denies the allegations in paragraph 36 to the extent they relate to Asbury. Asbury denies that it is liable to Plaintiff in any manner or amount whatsoever, denies that it is in

any way responsible for the subject accident or for Vicky Bostick's injuries and/or death, denies that it is responsible for Plaintiff's alleged damages in any way, and denies that it is indebted to Plaintiff in any manner or amount whatsoever. Asbury denies any remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Asbury denies the allegations in paragraph 37 to the extent they relate to Asbury. Asbury denies that it is liable to Plaintiff in any manner or amount whatsoever, denies that it is in any way responsible for the subject accident or for Vicky Bostick's injuries and/or death, denies that it is responsible for Plaintiff's alleged damages in any way, and denies that it is indebted to Plaintiff in any manner or amount whatsoever. Asbury denies any remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Asbury denies the allegations in paragraph 38 to the extent they relate to Asbury. Asbury denies that it is liable to Plaintiff in any manner or amount whatsoever, denies that it is in any way responsible for the subject accident or for Vicky Bostick's injuries and/or death, denies that it is responsible for Plaintiff's alleged damages in any way, and denies that it is indebted to Plaintiff in any manner or amount whatsoever. Asbury denies any remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Asbury denies the allegations in paragraph 39 to the extent they relate to Asbury. Asbury denies that it is liable to Plaintiff in any manner or amount whatsoever, denies that it is in any way responsible for the subject accident or for Vicky Bostick's injuries and/or death, denies that it is responsible for Plaintiff's alleged damages in any way, and denies that it is indebted to Plaintiff in any manner or amount whatsoever. Asbury denies any remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

## COUNT VI – PUNITIVE DAMAGES TOYOTA DEFENDANTS

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count VI – Punitive Damages Toyota Defendants" as follows:

40.     Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-39 of Plaintiff's Complaint, set forth above

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Complaint.

## COUNT VII – PUNITIVE DAMAGES KENWORTH TRUCK COMPANY

Asbury answers each individually numbered paragraph from the section of Plaintiff's Complaint entitled "Count VII – Punitive Damages Kenworth Truck Company" as follows:

42.     Asbury incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-41 of Plaintiff's Complaint, set forth above.

43.     The allegations contained in paragraph 43 of Plaintiff's Complaint are not directed to Asbury, and therefore, no response is required from Asbury; however, to the extent a response is required, Asbury is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Plaintiff's Complaint.

Answering the "WHEREFORE" paragraph following paragraph 43, Asbury denies that it is liable to plaintiff in any way; denies that it is responsible for plaintiff's alleged damages in any way; and denies that it is indebted to plaintiff in any manner or amount whatsoever.

**FOURTH DEFENSE**

Asbury states that it is not a proper party to this action and that Plaintiff is not entitled to any recovery from Asbury in this action. Asbury did not sell, distribute, service, repair, market or advertise the subject 2010 Lexus RX 350, and Asbury had no contact with Plaintiff or Vicky Bostick. Upon information and belief, Vicky Bostick purchased the subject 2010 Lexus RX 350 from Asbury Automotive Lex LLC d/b/a Nalley Lexus, a separate limited liability company.

**FIFTH DEFENSE**

Asbury states that Plaintiff's alleged injuries and damages may have been caused by an intervening, superseding action for which Asbury is in no way liable.

**SIXTH DEFENSE**

Asbury states that the sole proximate cause of the injuries and damages alleged in Plaintiff's Complaint was the actions, nonactions or negligence of a person or persons, other than Asbury whose actions, nonactions or negligence Asbury is in no way liable. Plaintiff is not, therefore, entitled to recover from Asbury in this action.

**SEVENTH DEFENSE**

Asbury states that the sole proximate cause of the injuries and damages alleged in plaintiff's Complaint was the combination of the actions, nonactions or negligence of a person or persons, other than Asbury for whose actions, nonactions or negligence Asbury is in no way liable. Plaintiff is not, therefore, entitled to recover from Asbury in this action.

**EIGHTH DEFENSE**

Asbury states that Plaintiff and/or Plaintiff's decedent may have failed to exercise ordinary care for her own protection. Plaintiff is not, therefore, entitled to recover from Asbury in this action.

**NINTH DEFENSE**

Asbury states that the injuries alleged by Plaintiff are or may be due to Plaintiff's and/or Plaintiff's decedent's own comparative negligence, thereby barring or reducing Plaintiff's recovery from Asbury.

**TENTH DEFENSE**

Asbury states that Plaintiff and/or Plaintiff's decedent may have assumed the risk. Plaintiff is not, therefore, entitled to recover from Asbury in this action.

**ELEVENTH DEFENSE**

Asbury states that the sole proximate cause of the alleged injuries and alleged damages sustained by Plaintiff and/or Plaintiff's decedent may have been the misuse, abuse, and/or modification of the product in question for which Asbury is in no way responsible. Plaintiff is not, therefore, entitled to recover from Asbury in this action.

**TWELFTH DEFENSE**

Asbury is informed and believes and on that basis alleges that Plaintiff has failed to mitigate damages, if any, in the manner and to the extent required by law.

**THIRTEENTH DEFENSE**

Asbury is informed and believes and on that basis alleges that no additional warnings would have or could have prevented the alleged incident, injuries, loss and damages alleged by Plaintiff.

**FOURTEENTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the Georgia statute of repose, O.C.G.A. § 51-1-11(b)(2), (c).

WHEREFORE, Asbury prays that Plaintiff's Complaint be dismissed; that judgment be rendered in favor of Asbury; that Plaintiff recover nothing in this action from Asbury; that Plaintiff be assessed with all costs of this action incurred by Asbury; that Asbury be afforded a trial by jury comprised of twelve jurors; and that Asbury has such other and further relief as this Court deems just and proper.

This 30th day of December, 2022.

KING & SPALDING LLP

/s/ Anneke J. Shepard
Harold E. Franklin, Jr.
Georgia Bar No. 273416
Anneke J. Shepard
Georgia Bar No. 545247
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600

*ATTORNEYS FOR ASBURY AUTOMOTIVE GROUP, INC.*

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a true and correct copy of the foregoing pleading on all counsel of record via Odyssey eFile GA which will automatically send e-mail notification of such filing to all attorneys of record:

This 30th day of December, 2022.

/s/ *Anneke J. Shepard*
Anneke J. Shepard